```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS
```

```
_____
                               )
UNITED STATES OF AMERICA,      )
                               )
                               )
vs.                            )    CRIMINAL ACTION
                               )    NO. 04-1746-CBS
EARL DICKERSON,                )
         Defendant,            )
_____)
```

**MEMORANDUM OF PROBABLE CAUSE AND ORDER ON THE
GOVERNMENT'S MOTION FOR DETENTION
June 16, 2004**

**SWARTWOOD, M.J.**

I. <u>Nature of the Offense and the Government's Motion</u>

On June 2, 2004, a Criminal Complaint was filed, charging Earl Dickerson ("Mr. Dickerson"), with knowingly and intentionally possessing with intent to distribute cocaine base, in violation of 21 U.S.C. §841(a)(1).

At Mr. Dickerson's initial appearance on June 3, 2004 in connection with this Complaint, he was advised of his right to a preliminary examination in accordance with Fed. R. Crim. P. 5.1 and the Government moved for a detention hearing in accordance with 18 U.S.C. §§ 3142(f)(1)(B)(the offense charged provides for a maximum penalty of life imprisonment), (f)(1)(C)(Mr. Dickerson is charged with an offense for which a maximum term of imprisonment of ten years or more is prescribed in the "Controlled Substances Act"), (f)(1)(D)(Mr. Dickerson is charged with a felony and has been convicted of two or more offenses described in paragraphs (A)

through (C) of Section 3142(f)(1), or two or more state or local offenses that would have been offenses described in paragraphs (A) through (C) of such section if federal jurisdiction has existed) and (f)(2)(A)(risk of flight).

On June 15, 2004, a consolidated probable cause/detention hearing was held and at that hearing, Patricia Dziadosz, a Massachusetts State Police Trooper assigned to a Drug Enforcement Administration Drug Task Force, testified on behalf of the Government and was cross-examined by Mr. Dickerson's counsel. Following this hearing, I found probable cause for the offense charged in this Complaint against Mr. Dickerson and Mr. Dickerson assented to an Order of Detention, but reserved his right to a detention hearing in the future.

## II.  Findings of Fact

1.   As a result of an anonymous tip, Mr. Dickerson became the target of an investigation by Boston Police Officers concerning the sale of crack cocaine from his apartment located at 9 Westcott Street, Dorchester, Massachusetts.  Govt. Ex. 1.

2.   As part of this investigation, Boston Police Officers conducted a "trash pull" at Mr. Dickerson's apartment, which revealed personal papers addressed to Mr. Dickerson at that apartment and a large green plastic bag containing smaller black plastic bags in which officers found four sandwich bags containing a white powder which later tested positive for cocaine.  The smaller bag also contained numerous cut-off plastic baggies.  Id.

3.   On March 9, 2004, Boston Police Officers obtained a search warrant for Mr. Dickerson's apartment and as a result of that search, while Mr. Dickerson was present, law enforcement officials found eight bags containing .75 grams of what later tested positive as crack cocaine in each bag.  Also found in the apartment was a scale and several boxes of small plastic bags.  Id.

### III. Probable Cause

Mr. Dickerson is charged with possession with intent to distribute crack cocaine.  A search of his apartment, while he was present, revealed the presence of small packages of crack cocaine, a scale and plastic bags typically used for the packaging and sale of crack cocaine.  This search and the prior "trash pull" from Mr. Dickerson's apartment in which multiple plastic bags were found containing a residue of cocaine are sufficient for a finding of probable cause for the offense charged against Mr. Dickerson in this Complaint.

### IV. Order of Detention Pending Trial

In accordance with the foregoing memorandum,

IT IS ORDERED:

1.   That Mr. Dickerson be committed to the custody of the Attorney General or his designated representative, for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. That Mr. Dickerson be afforded a reasonable opportunity for private consultation with counsel; and

3. On order of a court of the United States or on request by an attorney for the Government, the person in charge of the corrections facility in which Mr. Dickerson is detained and confined shall deliver Mr. Dickerson to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

### RIGHT OF APPEAL

THE PERSON OR PERSONS DETAINED BY THIS ORDER MAY FILE A MOTION FOR REVOCATION OR AMENDMENT OF THE ORDER PURSUANT TO 18 U.S.C. § 3145(b).

/S/CHARLES B. SWARTWOOD, III
CHARLES B. SWARTWOOD, III
MAGISTRATE JUDGE